(March 7, 1941.)

In the Matter of the Intermediate Judicial Settlement of the Accounts of MARY DIXON, Committee of the Estate of MICHAEL DIXON, an Incompetent Person. FRANK T. HINES, Administrator of Veterans' Affairs, Appellant; MARY DIXON, Committee of the Estate of MICHAEL DIXON, Respondent.

Order, so far as appealed from, affirmed, with twenty dollars costs and disbursements. No opinion.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; Martin, P. J., dissents in opinion, in which Townley, J., concurs.

MARTIN, P. J. (dissenting). An allowance of $750 to the attorney of the committee is disproportionate to the value of the services rendered and the amount of the estate involved. It equals approximately nine per cent of the latter. We must not overlook the fact that the estate is that of a disabled veteran of the World war now incompetent and in an institution, and hence peculiarly a ward of the court. The allowance, therefore, should not be approved.

The estate in question consists of accumulations of compensation payments and insurance over a period of twelve years, after the making of necessary expenditures on behalf of the incompetent. The balance on hand amounts to $8,449.56.

The committee's attorney was employed in 1933. He thereafter from time to time rendered certain services prior to the institution of this proceeding. For those services, however, he charged and was paid sums aggregating seventy-five dollars. Mention is made of this in order to make it clear that the compensation allowed does not cover services rendered over a period of many years. It pertains to services rendered wholly in connection with the application for and the preparation and judicial settlement of the committee's intermediate account.

The application for leave to account was not opposed. It was granted as matter of course. The account rendered was extremely simple. It consisted, in effect, of a tabulation of the annual statements previously filed by the committee. The latter, in turn, merely listed a few receipts of payments of compensation each year from the Veterans' Administration, as well as certain insurance, and the trifling disbursements made on behalf of the incompetent.

Three hundred and fifty dollars would be generous compensation for the services rendered by the committee's attorney in this matter. The allowance should be reduced to that amount.

Townley, J., concurs.